✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__TIMOTHY MICHAEL MARTIN__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   1:09 cr 25-6

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
   X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841 & 846__.
   ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐ a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____        _____
*Date*                                              *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 25-6

**UNITED STATES OF AMERICA,**

Vs.                                                                  **ADDENDUM TO**
                                                                     **DETENTION ORDER**

**TIMOTHY MICHAEL MARTIN.**

_____

**I.   FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

      **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II.**                                 **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being methamphetamine. The offense further involves firearms in that during a search of the home of the defendant 70 firearms were found along with a silencer. Several of the firearms had the serial numbers removed.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. The defendant had made multiple sales of methamphetamine to an undercover agent or agents. Further, several of the co-defendants of the defendant have advised that the defendant was their source of methamphetamine which they either used or sold. Additionally, when the defendant was arrested he was under the influence of a controlled substance and had residue present on him which was consistent with a controlled substance. The defendant also had a loaded pistol with him when he was arrested.

**(g)(3):** The history and characteristics of the person

    (A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties and is self-employed doing construction, grading and logging. The defendant has had a long length of residence in the Caldwell County community.

      The criminal record of the defendant shows that the defendant was convicted of misdemeanor littering on February 17, 1999 and reckless driving on January 15, 2009. The defendant does not have any criminal convictions for any type of alcohol or drug offense.

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was placed on unsupervised probation on January 15, 2009 in regard to a charge of reckless driving.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The charges against the defendant create a presumption that the release of the defendant would create a risk of harm or danger to any other person or the community. This is a rebuttable presumption. The undersigned finds that the defendant has not rebutted the

presumption. The evidence shows that the defendant had made repeated sales of methamphetamine to undercover agents and had also sold and provided methamphetamine to some of his co-defendants for either their use or for their sale. The defendant had 70 firearms at his home when it was searched. The defendant had a silencer and some of the serial numbers of the firearms had been removed. When the defendant was arrested he was under the influence of some type of controlled substance and had a loaded pistol with him. These facts and circumstances show that the release of the defendant would create a risk of harm or danger to any other person or the community. The delivery to others of methamphetamine creates such harm.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. Evidence was presented that the defendant's brother is a law enforcement officer and feared that the defendant would flee if he were released. The defendant's mother and stepfather testified it was their opinion that the defendant would not flee. The undersigned finds that the presumption has been rebutted in regard to this factor.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

    Signed: May 12, 2009

_____
Dennis L. Howell
United States Magistrate Judge